1   Morin I. Jacob, Bar No. 204598
    mjacob@lcwlegal.com
2   Anthony D. Risucci, Bar No. 316587
    arisucci@lcwlegal.com
3   LIEBERT CASSIDY WHITMORE
    A Professional Law Corporation
4   135 Main Street, 7th Floor
    San Francisco, California 94105
5   Telephone:    415.512.3000
    Facsimile:    415.856.0306
6
    Attorneys for Defendants CITY OF SANTA CLARA, PATRICK
7   NIKOLAI, and TODD CUMMINS

8

9                          UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

11   JACOB MALAE, an individual,              Case No.:  3:21-cv-01453-SI

12                        Plaintiff,          Complaint Filed: March 1, 2021
                                              FAC Filed: May 11, 2021
13          v.
                                              **DEFENDANTS' REPLY TO PLAINTIFF'S**
14   CITY OF SANTA CLARA, a Municipal         **OPPOSITION TO MOTION TO DISMISS**
     entity, PATRICK NIKOLAI, Chief of        **PLAINTIFF'S FIRST AMENDED**
15   Police, in his individual and official   **COMPLAINT**
     capacities; TODD CUMMINS,  in his
16   individual and official capacities; and  Date:        July 23, 2021
     DOES 1-5, inclusive,                     Time:        10:00 a.m.
17                                            Courtroom: 1-17th Floor
                          Defendants.         Judge:       Hon. Susan Illston
18

19

20

21

22

23

24

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1

## **<u>TABLE OF CONTENTS</u>**

2

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

**Page**

I. INTRODUCTION ...............................................................................................................1

II. LEGAL ARGUMENT.........................................................................................................1

    A. NEW ALLEGATIONS IN THE OPPOSITION MUST BE
    DISREGARDED IN EVALUATING THE INSTANT MOTION. ........................1

    B. PLAINTIFF CANNOT MAINTAIN CLAIMS AGAINST THE
    INDIVIDUAL DEFENDANTS..............................................................................2

    C. THE INDIVIDUAL DEFENDANTS REMAIN IMMUNE UNDER
    THE DOCTRINE OF QUALIFIED IMMUNITY. .................................................2

    D. PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM
    REMAINS SUBJECT TO DISMISSAL. ................................................................3

        1. Plaintiff Fails to Sufficiently Plead *Monell* Liability Against
        the City..................................................................................................3

        2. Plaintiff Fails to Demonstrate that any of the Speech Events
        Were Made in his Capacity as a Private Citizen...................................5

        3. Plaintiff Fails to Plead Facts Sufficient to Demonstrate that
        he Spoke on Matters of Public Concern. ..............................................6

        4. Plaintiff Fails to Plead a Plausible Causal Connection
        Between Protected Speech and an Adverse Employment
        Action....................................................................................................7

    E. EXHAUSTION OF ADMINISTRATIVE REMEDIES. .......................................8

    F. PLAINTIFF'S 2ND CLAIMS FOR TITLE VII AND FEHA
    DISCRIMINATION REMAINS INSUFFICIENTLY PLED ON
    THE CAUSATION ELEMENT. ..............................................................................9

    G. PLAINTIFF'S 3RD CLAIMS FOR TITLE VII AND FEHA
    RETALIATION REMAINS SUBJECT TO DISMISSAL. ...............................10

        1. Plaintiff Failed to Respond to Defendants' Argument that a
        Number of Actions are not Adverse Employment Actions in
        the Title VII/FEHA Retaliation Context...............................................10

        2. The FAC Remains Devoid of Allegations that Rise to the
        Level of Protected Activity...................................................................10

        3. The FAC Remains Devoid of Plausible Causal Connection
        between Plaintiff's Alleged Protected Activity and an
        Adverse Action. ...................................................................................12

    H. PLAINTIFF'S PLEA FOR PUNITIVE DAMAGES REMAINS
    SUBJECT TO DISMISSAL. ..................................................................................13

i

III.    CONCLUSION ........................................................................................................................14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

ii

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)..................................................................................................3, 13

*Ayala v. Frito Lay, Inc.*
    263 F. Supp. 3d 891 (E.D. Cal. 2017)........................................................................9, 11

*Booker v. Brown & Williamson Tobacco Co.*
    879 F.2d 1304 (6th Cir. 1989) ........................................................................................11

*Capp v. Cty. of San Diego*
    940 F.3d 1046 (9th Cir. 2019) ..........................................................................................3

*Car Carriers, Inc. v. Ford Motor Co.*
    745 F.2d 1101 (7th Cir. 1984) ..........................................................................................2

*Coszalter v. City of Salem*
    320 F.3d 968 (9th Cir. 2003) ......................................................................................7, 13

*Dahlia v. Rodriguez*
    735 F.3d 1060 (9th Cir. 2013) ..........................................................................................5

*Desrochers v. City of San Bernardino*
    572 F.3d 703 (9th Cir. 2009) ............................................................................................6

*Ellins v. City of Sierra Madre*
    710 F.3d 1049 (9th Cir. 2013) ..................................................................................5, 7, 8

*Eng v. Cooley*
    552 F.3d 1062 (9th Cir. 2009) ..........................................................................................7

*Garcia-Paz v. Swift Textiles, Inc.*
    873 F. Supp. 547 (D. Kan. 1995).....................................................................................12

*Greisen v. Hanken*
    925 F.3d 1097 (9th Cir. 2019) ..........................................................................................3

*Hafer v. Melo*
    502 U.S. 21 (1991)............................................................................................................2

*Hagen v. City of Eugene*
    736 F.3d 1251 (9th Cir. 2013) ..........................................................................................6

*Harlow v. Fitzgerald*
    457 U.S. 800 (1982)..........................................................................................................2

*Hazen Paper Co. v. Biggins*
    507 U.S. 604 (1993)..........................................................................................................9

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

iii

*Karcher v. Emerson Elec. Co.*
   94 F.3d 502 (8th Cir. 1996) ....................................................................................................14

*Karl v. City of Mountlake Terrace*
   678 F.3d 1062 (9th Cir. 2012) ...................................................................................................3

*Keates v. Koile*
   883 F.3d 1228 (9th Cir. 2018) ...................................................................................................2

*Neveu v. City of Fresno*
   393 F.Supp.2d 1159 (E.D. Cal. 2005)..................................................................................5, 13

*Passantino v. Johnson & Johnson Consumer Prod., Inc.*
   212 F.3d 493 (9th Cir. 2000) ...................................................................................................12

*Pearson v. Callahan*
   555 U.S. 223 (2009)...................................................................................................................2

*Sampson v. Cty. of Los Angeles by & through Los Angeles Cty. Dep't of Child. &*
   *Fam. Servs.*
   974 F.3d 1012 (9th Cir. 2020) ...................................................................................................3

*Saucier v. Katz*
   533 U.S. 194 (2001)...................................................................................................................3

*Schneider v. California Dep't of Corr.*
   151 F.3d 1194 (9th Cir. 1998) ...................................................................................................2

*Ulrich v. City and County of San Francisco*
   308 F.3d 968 (9th Cir. 2002) .................................................................................................7, 8

*United States v. Corinthian Colleges*
   655 F.3d 984 (9th Cir. 2011) .....................................................................................................2

**State Cases**

*Cloud v. Casey*
   76 Cal. App. 4th 895 (1999) ....................................................................................................14

*McAllister v. Los Angeles Unified Sch. Dist.*
   216 Cal. App. 4th 1198 (2013) ..................................................................................................2

*Morgan v. Regents of Univ. of Cal.*
   88 Cal. App. 4th 52 (2000) ......................................................................................................13

*Turman v. Turning Point of Cent. California, Inc.*
   191 Cal. App. 4th 53 (2010) ....................................................................................................14

*Yanowitz v. L'Oreal USA, Inc.*
   36 Cal. 4th 1028 (2005) ......................................................................................................11, 12

**State Statutes**

California Code of Civil Procedure section 3294 ................................................................13, 14

iv

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1    Defendants CITY OF SANTA CLARA ("City"), PATRICK NIKOLAI ("Nikolai"), and

2    TODD CUMMINS ("Cummins," collectively "Defendants") hereby submit their Reply Brief in

3    support of their Motion to Dismiss Plaintiff JACOB MALAE's ("Plaintiff") First Amended

4    Complaint ("FAC").

5    **I.    INTRODUCTION**

6    In the Moving Papers, Defendants analyzed each alleged protected free speech event

7    supporting Plaintiff's First Amendment retaliation claim in detail, and pointed out how each

8    failed to demonstrate retaliatory intent or meet one of the other elements of a retaliation claim.  In

9    the Opposition, Plaintiff discusses the alleged protected speech events whole cloth, combining

10   detailed analyses of the sufficiency of the FAC's allegations into a confusing amalgam vaguely

11   about systemic racism and cover-ups at the Santa Clara Police Department.  The conflation in

12   Plaintiff's Opposition lays bare how tenuous the claims are.  Plaintiff is attempting to bootstrap

13   the alleged actions of a former officer, the George Floyd incident, and generalized allegations of

14   systemic racism into a viable civil rights claim.  The discrimination and Title VII/FEHA

15   retaliation claims fare no better, as they rely upon unreasonable assumptions that Plaintiff's race

16   and generalized allegations of racism played a role in alleged adverse employment actions taken

17   against him.  Plaintiff also failed to respond to one of Defendants' arguments in the Moving

18   Papers that the claims against the Individual Defendants Nikolai and Cummins are duplicative of

19   those against the City of Santa Clara.  The Individual Defendants must be dismissed from the

20   entire action, without leave to amend, as a result.  Based on the moving papers and this reply,

21   Defendants respectfully request that the Court dismiss all of the claims, with prejudice.

22   **II.    LEGAL ARGUMENT**

23       **A.    NEW ALLEGATIONS IN THE OPPOSITION MUST BE DISREGARDED**

24           **IN EVALUATING THE INSTANT MOTION.**

25   Plaintiff raises a facts in the Opposition that are *not* in the FAC and must be disregarded.

26   For example, Plaintiff offers in the Opposition that he was traffic supervisor when he was denied

27   overtime and offers details contained in a press release about Brian Gilbert.  Pls.' Opp'n. to Mot.

28   to Dismiss, ECF No. 25 ("Opp'n") at 7:13–14, fn. 3; 1:25, fn. 1.  These new facts—not contained

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1  in the FAC—are red herrings for the purpose of determining whether the FAC should be

2  dismissed.  *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197, fn.1 (9th Cir. 1998); *see*

3  *also United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *Car Carriers, Inc.*

4  *v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("it is axiomatic that the complaint may

5  not be amended by the briefs in opposition to a motion to dismiss").[1]  The Court simply cannot

6  consider the additional facts offered in the Opposition.

7         **B.**    **PLAINTIFF CANNOT MAINTAIN CLAIMS AGAINST THE**

8                 **INDIVIDUAL DEFENDANTS.**

9        Defendants argue that the claims against the Individual Defendants, Nikolai and

10  Cummins, are duplicative of those against the City because they are only addressed in the FAC in

11  the context of their official duties at the Santa Clara Police Department ("SCPD").  *See* Def.'s

12  Mem. Supp. Mot. to Dismiss, ECF No. 23 at 5–6 (hereinafter referred to as "Moving Papers," or

13  "ECF No. 23") (relying upon *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018); *Hafer v.*

14  *Melo*, 502 U.S. 21, 25 (1991); *McAllister v. Los Angeles Unified Sch. Dist*., 216 Cal. App. 4th

15  1198 (2013)).  Plaintiff does not respond to this legal argument.  The Individual Defendants must

16  be dismissed.[2]

17         **C.**    **THE INDIVIDUAL DEFENDANTS REMAIN IMMUNE UNDER THE**

18                 **DOCTRINE OF QUALIFIED IMMUNITY.**

19        Defendants argue that the Individual Defendants are entitled to qualified immunity against

20  Plaintiff's First Amendment Retaliation claim because Plaintiff has failed to adequately plead that

21  the Individual Defendants were aware that they were violating a clearly established constitutional

22  right.  *See* ECF No. 23 at 7 (relying upon *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982);

23  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).  The first part of the qualified immunity test

24  requires courts to decide if the facts alleged *show the official's conduct violated a constitutional*

---

[1] One of the only exceptions to that rule is if a document is referred to in the operative complaint and its authenticity is not subject to dispute, as Plaintiff has stated in offering the DFEH complaint with his declaration. *Corinthian Colleges*, 655 F.3d at 999.  That complaint, however, undermines Plaintiff's discrimination claim, as detailed below.

[2] The Individual Defendants were only named in the first cause of action in the FAC.  They were removed from the second and third causes of action after Defendants' first Motion to Dismiss.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1    *right* and then, second, whether the right was "clearly established."  *Saucier v. Katz*, 533 U.S.

2    194, 201 (2001).

3         In the Opposition, Plaintiff focuses on the clearly established element and relies upon case

4    law where the Court had already concluded that a constitutional claim was sufficiently alleged.

5    *See* Opp'n at 15–16.  Plaintiff's argument, thus, relies upon the assumption that a constitutional

6    violation has been pled.  The cases Plaintiff relies upon do not overcome the *first part* of the

7    qualified immunity defense, as they do not address the overall weaknesses of Plaintiff's First

8    Amendment claim.  For example, in *Greisen v. Hanken*, 925 F.3d 1097 (9th Cir. 2019), the Court

9    analyzed qualified immunity passingly *after* concluding that each underlying element of the claim

10   was met.  The same is true of *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1073 (9th Cir.

11   2012) ("Having determined that Karl has alleged a constitutional violation, we next consider" the

12   clearly established prong of the qualified immunity test.), *Sampson v. Cty. of Los Angeles by &*

13   *through Los Angeles Cty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1022 (9th Cir. 2020) (the

14   only issue on appeal was the second prong, whether the right was clearly established), and *Capp*

15   *v. Cty. of San Diego*, 940 F.3d 1046, 1058 (9th Cir. 2019) ("Having determined that Plaintiffs

16   plead a plausible First Amendment retaliation claim, we now move to the second prong . . .").

17   These cases are neither here nor there because Plaintiff has failed to plead a causal connection,

18   and the speech was either not on a matter of public concern or was made as a private citizen.  The

19   Individual Defendants must be dismissed.

20        **D.      PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM REMAINS**

21                **SUBJECT TO DISMISSAL.**

22                **1.      Plaintiff Fails to Sufficiently Plead *Monell* Liability Against the City.**

23        Defendants argue that Plaintiff failed to plead non-conclusory facts demonstrating an

24   official City policy, practice, or custom of routinely retaliating against employees that exercise

25   their First Amendment Rights.  The FAC contains formulaic recitations of *Monell* liability that

26   must be disregarded regarding the policymaking authority of the Individual Defendants, and

27   failed to identify a City policy of retaliation.  *See* ECF No. 23 at 8–10; *Ashcroft v. Iqbal*, 556 U.S.

28   662, 679 (2009).

3

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1    It is important to confine the *Monell* analysis to the relevant § 1983 claim at issue: First

2    Amendment retaliation.  In the Opposition, Plaintiff impermissibly conflates this claim with the

3    other causes of action while grasping for a basis for *Monell* liability, as Plaintiff discusses the

4    policy-making authority of the individual defendants on items *wholly unrelated* to the First

5    Amendment retaliation claim.  For example, Plaintiff appears to imply that the relevant policy is

6    manipulating the promotion system against minority candidates, without relating that nebulous

7    allegation to *Plaintiff's speech* in any way.  *See* Opp'n at 16:14–17; 17:12–14.  Separately,

8    Plaintiff relies upon the allegation that Cummins was a "policy maker and final decision maker

9    concerning internal administrative allegations of . . . misconduct by personnel," and that because

10   investigations did not occur into alleged misconduct against Plaintiff this created a "pretext" or a

11   policy of the SCPD/City when he was allegedly passed over for promotion in January 2020.  *See*

12   Opp'n at 16:22–27.  The conversation Nikolai and Cummins allegedly had with Plaintiff about

13   being passed over for promotion occurred at least *five months before* the first relevant speech

14   event even took place for the First Amendment retaliation claim.  *See* FAC ¶ 27.  Cummins'

15   alleged policy making authority and decision not to investigate is simply not relevant for

16   establishing *Monell* liability on the First Amendment claim.

17       Plaintiff also relies upon the conclusory allegation that Nikolai was the final policy maker

18   on "the promotion of personnel, including decisions whether or not to eliminate

19   promotional/eligible lists, and approvals/disapprovals over the granting of overtime."  Opp'n at

20   16:17–22.  Essentially, Plaintiff is relying upon the very same conclusory assertion that

21   Defendants pointed out as an insufficient recitation of *Monell* liability as one of the only bases for

22   *Monell* liability, effectively proving Defendants' initial point.  *See* ECF No. 23 at 10:22–26.

23   Plaintiff's own case citations demonstrate that this boilerplate assertion is insufficient.  In *Lytle v.*

24   *Carl*, 382 F.3d 978 (9th Cir. 2004), the Court states the rule that policymaking authority is

25   determined by state law, and analyzed in detail what specific policies existed to provide the

26   individual defendant with decision making/policy making authority.  *See id*. at 983–986.  It is

27   revealing how little detail is contained in the FAC on this issue other than the naked assertion that

28   Nikolai had policy-making authority.  Similarly, *Neveu v. City of Fresno*, 393 F.Supp.2d 1159

4

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1   (E.D. Cal. 2005) undermines his position: the Court dismissed the claim against the municipality

2   because the complaint alleged the individual had policy making authority, but "fail[ed] to define

3   the same purported policy." *Id.* at 1178.  So too here.  Plaintiff has utterly failed to identify what

4   the unconstitutional policy was that Nikolai was acting under, other than nebulous theories about

5   manipulating the SCPD promotion system.

6          Defendants request that the first cause of action be dismissed against the City.  Because

7   Defendants raised this argument in a prior Motion to Dismiss, and it was not cured by Plaintiff,

8   dismissal must be without leave to amend.

9                    **2.**          **Plaintiff Fails to Demonstrate that any of the Speech Events Were**

10                                   **Made in his Capacity as a Private Citizen.**

11          Plaintiff fails to plead sufficient facts that the alleged speech events in the FAC were made

12   in his capacity as a private citizen, as opposed to his official duties.  *See* ECF No. 23 at 11–12

13   (relying upon three factors from *Dahlia v. Rodriguez,* 735 F.3d 1060 (9th Cir. 2013)).  Plaintiff's

14   Opposition to that argument is nonsensical.  Plaintiff argues about whether his speech in Nikolai's

15   office and locker room were converted into a "private matter," which is not relevant.  Opp'n at

16   12:2–4.  Plaintiff conflates this issue with the distinct element that the speech be made on a matter

17   of public concern.  *See* Opp'n at 13:5–12 (discussing whether the POA call was "political speech"

18   or a "private grievance"); 12:6–14 (citing case law about whether "private" speech can be a

19   matter of public concern).  Then, when Plaintiff actually analyzes the proper factors for whether

20   the speech occurred as a private citizen, he only analyzes the POA call—and none of the other

21   speech events—effectively conceding that the other speech events were not made in Plaintiff's

22   capacity as a private citizen.  *See* Opp'n at 13:3–12.

23           Even Plaintiff's analysis of the POA call does not salvage the claim.  Plaintiff relies upon

24   *Ellins v. City of Sierra Madre*, 710 F.3d 1049 (9th Cir. 2013) for the proposition that speech of an

25   officer and union representative "was **not** made as a private citizen," which contradicts the very

26   argument Plaintiff is trying to make.  Opp'n at 13:7–12 (emphasis added).  Plaintiff then cites the

27   portion of the *Ellis* opinion that dealt with the public concern element, and not the private citizen

28   element.  Despite the misplaced reliance on *Ellins*, the thrust of Plaintiff's argument is that the

5

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1   speech on the POA call must have been made as a private citizen simply because it was made to

2   the union members.  The FAC contains no factual details about who was on the POA call other

3   than Plaintiff and President Alex Torke.  As a result, the Court has no basis to evaluate other

4   representations in the Opposition about whether the speech was made outside of the chain of

5   command or outside of his job duties.  Opp'n at 12:22–29; *see* FAC ¶¶ 28–32.

6        Based on the foregoing, the Court must dismiss Plaintiff's first cause of action for failure

7   to sufficiently plead that his speech was made in the capacity of a private citizen.

8        **3.      Plaintiff Fails to Plead Facts Sufficient to Demonstrate that he Spoke**

9        **on Matters of Public Concern.**

10       Defendants argue that Plaintiff's formulaic recitations and "contentions" that his speech

11   was on matters of public concern remain insufficient, and his unsubstantiated complaints about

12   internal matters do not sufficiently rise to a level of public concern.  ECF No. 23 at 12–13.

13   *Hagen v. City of Eugene*, 736 F.3d 1251, 1259 (9th Cir. 2013).

14       Plaintiff doubles down by editorializing the allegations of the FAC to draw attention to the

15   "larger context" of the George Floyd incident and Plaintiff's unsubstantiated theories that the

16   actions of a former employee raised issues of "corruption" and racism at SCPD.  Opp'n at 10:17–

17   11:7.  These theories are not clear from the content of the FAC.  The speech itself as pleaded in

18   the FAC—not the post hoc rationalizations of the speaker—governs the inquiry of whether

19   speech is on a matter of public concern.  *See Desrochers v. City of San Bernardino*, 572 F.3d 703,

20   711–713 (9th Cir. 2009).

21       Separately, Plaintiff cites case law about speech concerning compensation at a public

22   agency being a matter of public concern.  *See* Opp'n at 10:3–13.  These cases are simply

23   inapplicable to Plaintiff's claims, as the FAC does not contain allegations that Plaintiff ever spoke

24   to anyone about his compensation.  While Plaintiff claims he was denied overtime *as a result* of a

25   speech event, compensation was not the *subject* of any of his speech.  FAC ¶ 36.

26       Based on the foregoing, the FAC must be dismissed for failure to plead facts sufficient

27   demonstrating the speech was on issues of public concern.

28   / / /

6

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1

2

### 4.       Plaintiff Fails to Plead a Plausible Causal Connection Between Protected Speech and an Adverse Employment Action.

3          Plaintiff has failed to demonstrate that a causal link between his speech and an adverse

4   employment action has been pled, beyond merely asserting close temporal proximity between an

5   adverse employment action and a speech event.  *See* ECF No. 23 at 13–14 (discussing the "*Ulrich*

6   factors" from *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 980 (9th Cir. 2002)).  It

7   is Plaintiff's burden to plead a plausible causal link on his First Amendment claim.  *Eng v.*

8   *Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

9          First, Plaintiff argues that the termination of a promotion list and actions with negative

10   effects on compensation are adverse employment actions under First Amendment retaliation

11   jurisprudence.  Opp'n at 13:17–14:9.  This argument is neither here nor there, as Defendants have

12   only argued that certain actions were not adverse employment actions in the context of the other

13   two causes of action.  Defendants have simply not made that argument in the context of the First

14   Amendment claim.[3]  *See* ECF No. 23 at 21–23.

15          Second, Plaintiff argues that mere temporal proximity between an adverse employment

16   action and protected speech is sufficient to find causation under the *Ulrich* factors.  *See* Opp'n at

17   14:11–15:8 (relying upon *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1063 (9th Cir. 2013)).

18   Defendants, however, argue that mere temporal proximity should not be sufficient on its own

19   when there is no other indicia of retaliatory animus—especially when the context reveals that

20   retaliation was not a plausible motivation for an action.  *See* ECF No. 23 at 14:9–17.  Even the

21   case of *Coszalter v. City of Salem*, 320 F.3d 968 (9th Cir. 2003), which the *Ellins* court relied

22   upon heavily, cautioned against bright line rules regarding temporal proximity.  *Id.* at 977–978.

23   One of Plaintiff's speech events, the request to take down Gilbert's photo, reveals why relying on

24   one *Ulrich* factor alone is insufficient and misguided.  If temporal proximity alone were

25

26   _____

   [3] While Plaintiff raises the issue of what constitutes an adverse employment action in the First Amendment
27   context (where Defendants did not raise that issue), he fails to address Defendants' arguments about
   whether Lozada's termination and a single denial of overtime rise to the level of an adverse employment
28   action in the Title VII/FEHA retaliation and discrimination contexts.  *See* Opp'n at 18–24.  This failure is
   addressed *infra*.  Section II.G.1.

7

1    sufficient, the Court would have to overlook the fact that Nikolai and Rush ultimately agreed to

2    take down Gilbert's photo and that Plaintiff *thanked* Nikolai for that action, and blindly accept

3    that Defendants must have retaliated against him due to when other events occurred.  FAC ¶¶ 34,

4    45.  The motion to dismiss process is designed to avoid subjecting defendants to discovery on

5    meritless claims.

6         Third, Plaintiff editorializes ambiguous allegations in the FAC to support the notion that

7    Nikolai and Torke "opposed" Plaintiff's speech, the second *Ulrich* factor.  *See* Opp'n at 15:9–17.

8    As with his claims generally, Plaintiff *concludes* based upon unreasonable inferences that the

9    statements that Plaintiff was the "only unhappy employee at the agency," and that Torke was

10   "satisfied with the Department's response," amounted to opposition to Plaintiff's speech.

11   Plaintiff even goes so far as to imply that *silence* is a statement of opposition, citing no case law

12   to support that notion.  Opp'n at 15:14 ("When Nikolai shifted in his seat and gave no response to

13   serious charges about the Department, this was *not* approval.").  Lastly, even if Nikolai's

14   statement about Gilbert's photo, "When there's a conviction," was a statement of opposition

15   initially, Plaintiff's request, again, was ultimately granted by Nikolai and Rush.  FAC ¶¶ 34.

16        Lastly, Plaintiff summarily concludes in the Opposition that "he has sufficiently pled that

17   the elimination of the Lieutenant's Promotional List was pretextual."  Opp'n at 15:18–19.  The

18   *Ulrich* factor on this issue is phrased as, "the **proffered explanations** for the adverse action were

19   false and pretextual."  *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1062 (9th Cir. 2013)

20   (emphasis added).  The FAC, however, does not include allegations about proffered explanations

21   for the elimination of the promotion lists.  *See* FAC ¶ 35.  In fact, the Plaintiff pleads, "No reason

22   was given" when the second promotion list was eliminated in October 2020.  FAC ¶ 35.  If no

23   reason or explanation is provided, this *Ulrich* factor cannot be satisfied.  Plaintiff provides no

24   case law or analysis to support this proposition.

25        Based upon the foregoing, the Court must dismiss the first claim for failure to plead a

26   plausible causal link.

27        **E.     EXHAUSTION OF ADMINISTRATIVE REMEDIES.**

28        Defendants argue that Plaintiff should be required to attach a copy of the underlying

8

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1   complaint he filed with the DFEH to ensure that Plaintiff has adequately pled exhaustion of

2   administrative remedies.  *See* ECF No. 23 at 16–17.  Plaintiff has submitted a declaration

3   attaching the DFEH complaint with his Opposition.  Should the Court grant the instant Motion to

4   Dismiss on any other grounds and grant Plaintiff leave to amend, Defendants request that the

5   Court's order include a requirement to attach the DFEH complaint to the next operative

6   complaint.

7        **F.        PLAINTIFF'S 2ND CLAIMS FOR TITLE VII AND FEHA**

8             **DISCRIMINATION REMAINS INSUFFICIENTLY PLED ON THE**

9             **CAUSATION ELEMENT.**

10            Defendants reiterate that there remains no plausible allegations in the FAC to support the

11   notion that Plaintiff was not promoted, or that a promotion list was eliminated, due to his Samoan

12   race (or the fact that he was not Caucasian), as is required in a disparate treatment claim.  *Hazen*

13   *Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).  Plaintiff argues that the circumstances

14   surrounding Plaintiff's failure to be promoted to Lieutenant and the elimination of promotion lists

15   are indicative of discriminatory motive.  *See* Opp'n at 18–20.  While it is true that discriminatory

16   intent can be found in the pleadings stage with circumstantial evidence, the circumstances still

17   must give rise to a reasonable inference that the plaintiff's race played a role in the adverse

18   action.  *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 905 (E.D. Cal. 2017).

19            The circumstances here do not reasonably give rise to such an inference, only Plaintiff's

20   conjecture.  First, the promotion of Nick Richards to Lieutenant from the same promotion list as

21   Plaintiff is innocuous.  Richards was the number one candidate on the promotion list for the

22   January 2020 promotions, so he was promoted first.  *See* Malae Decl., Exh. A at 10; Opp'n at

23   19:20–22.  Plaintiff also alleges that the number three candidate was promoted off of that same

24   list, instead of Plaintiff, who was number two.  FAC ¶ 53.[4]  Plaintiff claims that this was

25

26   [4] The FAC is silent as to the identity of the number three candidate.  Plaintiff's declaration,
     however, reveals that the candidate promoted over Plaintiff was Cuong Phan.  Malae Decl., Exh.
27   A at 10.  Perhaps, Plaintiff failed to include Mr. Phan's name in the FAC because it did not fit his
     narrative that SCPD prefers only Caucasian employees in high-ranking positions and that
28   promotion lists are manipulated to benefit Caucasian candidates.

9

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1    discriminatory and offers the conversation he had with Nikolai and Cummins on January 1, 2020

2    as proffered motives that are not believable, to show discriminatory motive.  Opp'n at 19:23–

3    21:11.  Nikolai and Cummins offered two instances where SCPD employees complained about

4    his interactions with them as reasons for Plaintiff not being promoted.  FAC ¶¶ 22–26.  On their

5    face these justifications are entirely unrelated to Plaintiff's race and Plaintiff relies on conjecture

6    and speculation that they were motivated by race based solely upon his allegation that the

7    complaints were not investigated or documented.  Opp'n at 19:23–21:11.  The Court is not

8    obligated to accept unsubstantiated, and unreasonable logical leaps.  *Sprewell*, 266 F.3d at 988.

9    The fact remains that nothing in the FAC plausibly suggests that Plaintiff's race played a role in

10   the decision not to promote him.  Plaintiff's second claims for discrimination under Title VII and

11   the FEHA must be dismissed.

G.    **PLAINTIFF'S 3RD CLAIMS FOR TITLE VII AND FEHA RETALIATION**

**REMAINS SUBJECT TO DISMISSAL.**

1.    **Plaintiff Failed to Respond to Defendants' Argument that a Number of**

**Actions are not Adverse Employment Actions in the Title VII/FEHA**

**Retaliation Context.**

17           Defendants argue that the alleged denial of an overtime request and termination of

18   Plaintiff's friend, Lozada, do not meet the standard of an adverse employment action to support a

19   Title VII/FEHA retaliation claim.  *See* ECF No. 23 at 21–23.  Plaintiff offers no response to that

20   argument, only focusing on elimination of the promotion lists when discussing causation between

21   and adverse action and alleged protected activity.  *See* Opp'n at 23:12–15.  Due to Plaintiff's

22   concession on this issue, these two actions must not be considered in evaluation of whether

23   Plaintiff has sufficiently pled causation, *infra*.

2.    **The FAC Remains Devoid of Allegations that Rise to the Level of**

**Protected Activity.**

26           Defendants argue that none of the conduct in the FAC constitutes protected activity under

27   Title VII and the FEHA.  ECF No. 23 at 20–21.  Plaintiff relies upon allegations regarding his

28   vague assertion that "systemic racism still existed at SCPD, including racism against Pacific

10

1    Islanders and Samoans;" general questions about "what steps [Nikolai] would be willing to take

2    to address racism within SCPD;" nebulous statements about cover-ups for Caucasian officers like

3    Gilbert; a hypothetical question about what the community's response would be if it learned of

4    SCPD "cover ups;" and asking if the SCPD would be willing to work with community

5    organizations like the NAACP to "promote change within the department."  *See* Opp'n at 22:4–26

6    (relying upon FAC ¶ 27).  As pointed out in the Moving Papers, none of these statements pass

7    muster as protected activity under prevailing case law.  ECF No. 23 at 20–21.

8        A plaintiff participates in Title VII/FEHA protected activity when he "opposes unlawful

9    employment practices, when that opposition is based on a 'reasonable belief' that the employer's

10   actions are unlawful."  *Ayala v. Frito Lay, Inc*., 263 F. Supp. 3d 891, 911 (E.D. Cal. 2017).

11   While it is true that informal complaints can constitute protected activity, this does not give

12   plaintiffs *carte blanche* to label any statement tangentially related to race or racism "protected

13   activity":

14           Although an employee need not formally file a charge in order to
             qualify as being engaged in protected opposing activity, such activity
15           must oppose activity the employee reasonably believes constitutes
             unlawful discrimination, and complaints about personal grievances
16           or *vague or conclusory remarks that fail to put an employer on
             notice as to what conduct it should investigate will not suffice to
17           establish protected conduct*.

18   *Yanowitz v. L'Oreal USA, Inc*., 36 Cal. 4th 1028, 1047 (2005) (emphasis added).  To support this

19   proposition, the *Yanowitz* court cited *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d

20   1304, 1313 (6th Cir. 1989).  In *Booker,* the Court held that a vague charge of "ethnocism" was

21   "insufficient to constitute opposition to an unlawful employment practice" under Michigan's

22   antidiscrimination statute.  *Id.*

23       So too here.  Blanket assertions that the SCPD is racist or suffers from systemic racism are

24   not nearly specific enough to put SCPD on notice as to what conduct it should have investigated.

25   None of the speech events relied upon by Plaintiff included Plaintiff identifying a specific SCPD

26   practice, policy, or the conduct of *current* employees that he reasonably believed to be harassing,

27   discriminatory, or racist.  Instead, Plaintiff paints SCPD whole cloth as racist and having engaged

28

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

11

in cover-ups for unnamed employees. [5]  Even in the case of *Passantino v. Johnson & Johnson Consumer Prod., Inc*., 212 F.3d 493, 500 (9th Cir. 2000), the "informal complaints" by the plaintiff specifically identified the conduct/comments of three employees that she believed was harassing and discriminatory toward her and other female employees at the company. [6]  *See id*. at 500–501.  Again, that has not occurred here.  The only person specifically identified by Plaintiff in any of his informal complaints was former Captain Gilbert, who was no longer employed by the SCPD.  Plaintiff then offers an editorialized version of the FAC that Plaintiff's request to take down Gilbert's picture was him "speaking out" against the "good-old boy system" and asking Nikolai, "Where do you stand?  With Gilbert . . . or with people like me?"  Opp'n at 22:27–23:10.  These assertions are not contained in the FAC and must be disregarded.  Additionally, requesting that a photo be taken down is not protected activity.  "[E]mployers need not approach every employee's comment as a riddle, puzzling over the possibility that it contains a cloaked complaint of discrimination."  *Yanowitz*, 36 Cal. 4th at 1047 (quoting *Garcia-Paz v. Swift Textiles, Inc.*, 873 F. Supp. 547, 559 (D. Kan. 1995)).

This Court must dismiss the third claim, with prejudice, because Plaintiff has failed to plausibly plead that he engaged in protected activity.

**3.      The FAC Remains Devoid of Plausible Causal Connection between Plaintiff's Alleged Protected Activity and an Adverse Action.**

Defendants argue that Plaintiff has failed to plead a plausible causal link between the aforementioned protected activity and an adverse employment action, beyond Plaintiff's unreasonable assumptions.  ECF No. 23 at 23–24.  Plaintiff, again, relies *exclusively* on temporal proximity to support causation.  *See* Opp'n at 23:12–15 (focusing solely on the timing of the promotion lists being terminated).  There are two glaring problems with relying on temporal proximity alone: (1) that approach assumes that the SCPD was aware that Plaintiff participated in

---

[5] This is all the more true when one considers Plaintiff's still unexplained reference to discussing SCPD's use-of-force policy.  FAC ¶ 40.

[6] Plaintiff relies upon *Passantino* heavily in the Opposition.  *See* Opp'n at 22:2–3; 23:11.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1    protected activity;[7] and (2) it ignores Defendants' arguments that the overarching context

2    regarding some of the alleged adverse employment actions is not suggestive of retaliatory motive.

3    *See* ECF No. 23 at 23:25–24:7.  Again, courts have been reluctant to adopt a "bright-line rule" on

4    temporal proximity and causation devoid of analysis of other context.  *See, e.g.*, *Coszalter,* 320

5    F.3d 968, 977–978 ("there is no set time within which acts necessarily support an inference of

6    retaliation.").

7        Due to Plaintiff's failure to plead a non-conclusory causal link between purported

8    protected activity and an adverse action, the Court must dismiss the third claims.

9        **H.    PLAINTIFF'S PLEA FOR PUNITIVE DAMAGES REMAINS SUBJECT**

10           **TO DISMISSAL.**

11       Plaintiff has failed to sufficiently plead allegations that rise to the level of "malicious,

12   wanton, or oppressive conduct" necessary to support a claim for punitive damages under

13   California Civil Code section 3294 against the Individual Defendants.  Plaintiff relies upon *Neveu*

14   *v. City of Fresno*, 393 F.Supp.2d 1159 (E.D. Cal. 2005) in opposition.  In that case, the District

15   Court stated, "Under § 1983, punitive damages are proper either when a defendant's conduct was

16   driven by evil motive or intent, or when it involved a reckless or callous indifference to the

17   constitutional rights of others."  *Id*. at 1183.  The Court then relied upon Federal Rule of Civil

18   Procedure 9, subsection (b) to find that—even though it was not clear whether the plaintiff

19   sufficiently pled the necessary intent—there was enough there to "infer malice," and the

20   defendants' "conclusory" argument to the contrary was not sufficient.[8]

21       While Rule 9 allows Plaintiff to plead malice "generally," "It does not give him license to

22   evade the less rigid—though still operative—strictures of Rule 8." *Ashcroft v. Iqbal*, 556 U.S.

23   662, 686–87 (2009).  In other words, bare conclusory recitations that Defendants acted "with evil

24   motive or intent, or with reckless or callous indifferent to Plaintiff's rights" must still be

25   ----
     [7] The vagueness of the alleged speech that is being offered as protected activity and Defendants'
26   lack of notice is analyzed *supra*, at Section II.G.2.  "Essential to a causal link is evidence that the
     employer was aware that the plaintiff had engaged in the protected activity." *Morgan v. Regents*
27   *of Univ. of Cal.,* 88 Cal. App. 4th 52, 70 (2000).

     [8] Defendants submit that their argument on punitive damages was far more than "conclusory," as
28   the defendant's argument was characterized in *Nevue*.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1  disregarded in analyzing the sufficiency of the allegations of the FAC.  *See, e.g.*, FAC ¶ 49;

2  *Turman v. Turning Point of Cent. California, Inc.*, 191 Cal. App. 4th 53, 64, 119 Cal. Rptr. 3d

3  166, 175 (2010) (holding that plaintiff failed to state facts sufficient in the complaint to satisfy the

4  standard set by Civil Code section 3294); *Iqbal*, 556 U.S. at 679.

5  Additionally, Plaintiff relies on *Cloud v. Casey*, 76 Cal. App. 4th 895, 912 (1999), to

6  argue that alleged discrimination in the context of a failure to promote can support the requisite

7  intent to justify a punitive damages award.  While the court in *Cloud* found the allegations of

8  discrimination sufficient there for punitive damages, underlying retaliation or discrimination

9  causes of action generally do not rise to the necessary level of egregiousness to justify an award

10 of punitive damages.  *See, e.g., Turman.,* 191 Cal. App. 4th at 63;  *Karcher v. Emerson Elec. Co.*,

11 94 F.3d 502, 509 (8th Cir. 1996) (finding no support for punitive damages despite allegations of

12 deliberate choices to set qualifications that would eliminate all women from a particular position).

13 The plea for punitive damages must be dismissed.

14 **III.  CONCLUSION**

15 Based on the foregoing, Defendants respectfully request that the Court dismiss the FAC,

16 in its entirety, with prejudice.

18 Dated:  June 22, 2021                          Respectfully submitted,

19                                                LIEBERT CASSIDY WHITMORE

20                                   By:  */s/ Morin I. Jacob*
21                                        Morin I. Jacob
                                         Anthony D. Risucci
22                                       Attorneys for Defendants CITY OF
                                         SANTA CLARA, PATRICK
23                                       NIKOLAI, and TODD CUMMINS

14

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California.  I am employed in San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made.  I am over the age of eighteen years and not a party to the within action.

On **June 22, 2021,** I served the foregoing document(s) described as **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** in the manner checked below on all interested parties in this action addressed as follows:

Philip J. Kaplan
Law Offices of Philip J. Kaplan
3278 Wilshire Boulevard, Suite 106
Los Angeles, California 90010
Telephone: (213) 480-8981
Facsimile: (213) 480-8941
Email: philipkaplanlaw@gmail.com

*Attorneys for Plaintiff*

☑   **(BY ELECTRONIC SERVICE PROVIDER)**  I am readily familiar with the firm's practice for filing electronically.  Through use of the Court's CM/ECF electronic filing system, I arranged a true and correct copy of the above-reference documents to be electronically served to the e-mail address(es) registered with the court this day in the ordinary course of business following ordinary business practices.

Executed on **June 22, 2021**, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Kathleen Balauat*
Kathleen Balauat

Proof of Service

9689360.2 SA460-023