UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MALAE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SANTA CLARA, *et al.*,<br><br>    Defendants. | Case No. 21-cv-01453-SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 39 |

Defendants' motion to dismiss the second amended complaint is scheduled for a hearing on October 8, 2021. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

In an order filed August 9, 2021, the Court granted in part and denied in part defendants' motion to dismiss the first amended complaint and granted plaintiff leave to amend. The order identified several deficiencies in plaintiff's allegations, such as plaintiff's failure to sufficiently allege the individual defendants' knowledge and involvement in the alleged adverse employment actions or a causal link between plaintiff's speech and the alleged retaliation.

Plaintiff filed a second amended complaint ("SAC") on August 17, 2021. Defendants have moved to dismiss the SAC, contending that plaintiff has failed to cure the defects noted in the Court's order. The Court disagrees. The SAC includes numerous new allegations about Captain Cummins' and Chief Nikolai's knowledge of plaintiff's speech and involvement in the adverse employment actions, as well as the causation element for the retaliation claims. *See, e.g.*, SAC ¶¶ 36, 44. The new allegations regarding Chief Nikolai also support a basis for *Monell* liability because the SAC alleges, *inter alia*, that Chief Nikolai had the authority to make final decisions regarding promotion or personnel, elimination of promotional/eligible lists, and denial of overtime.

*See id.* ¶¶ 2, 44. The SAC also clarifies that plaintiff's state claims for discrimination and retaliation are brought under FEHA, and adds allegations regarding why the denial of overtime pay was discriminatory. *Id.* ¶ 55. The Court finds that many of defendants' arguments challenging the new allegations are factual arguments that are not suitable for resolution at this stage of the proceedings.

Defendants also assert that they are entitled to qualified immunity. Taking the allegations of the SAC as true, the Court cannot conclude that defendants are entitled to qualified immunity. *See generally Ballou v. McElvain*, __ F.4th __, 2021 WL 4436213, at *10-12 (9th Cir. Sept. 28, 2021) (affirming denial of qualified immunity on interlocutory appeal of summary judgment order in case brought by police officer alleging she was denied a promotion in violation of her First Amendment rights based on her speech complaining of sex discrimination in the workplace and stating, *inter alia*, "speech by public employees about unlawful discrimination in the workplace is inherently speech on a matter of public concern."). Defendants may renew their claim of qualified immunity on a fuller factual record.

Finally, the Court finds that plaintiff's allegations in support of his request for punitive damages are sufficient as a pleading matter.

## CONCLUSION

For the reasons set forth above, the Court DENIES defendants' motion to dismiss the SAC.

**IT IS SO ORDERED**.

Dated: October 5, 2021

                          SUSAN ILLSTON
                          United States District Judge